**FORM 5. Petition for Review/Notice of Appeal of an Order or Decision of an Agency, Board, Commission, Office, Bureau, or the US Court of Federal Claims (vaccine appeals only))**

Form 5
March 2023

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## PETITION FOR REVIEW/NOTICE OF APPEAL

Notice is hereby given that the petitioner(s)/appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Originating Tribunal *(Name of Agency, Board, Commission, Office, Bureau, or Court whose decision is being appealed)*:     Merit Systems Protection Board

Case number being appealed:     DC-4324-22-0582-A-1

Case title being appealed:     ESPINOZA-PALMER v. DVA

Date of final decision or order being appealed:     05/03/2023

Date decision or order was received:     05/04/2023

☑ I have attached a copy of the decision or order being appealed.

**List all Petitioners/Appellants** (List each party filing this appeal.  Do not use "et al." or other abbreviations.  Attach continuation pages if necessary.)

Karina Espinoza-Palmer

Date: 08/08/2023

Signature: *Brian J. Lawler*

Name: Brian J. Lawler

Address: Pilot Law, P.C.

4632 Mt. Gaywas Drive

San Diego, CA 92117

Phone Number: 619-255-2398

Email Address: blawler@pilotlawcorp.com

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| KARINA ESPINOZA-PALMER,<br>    Appellant, | DOCKET NUMBER<br>DC-4324-22-0582-A-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>    Agency. | DATE: May 3, 2023 |

Brian Lawler, Esquire, San Diego, California, for the appellant.

Melissa Mack, Esquire, Baltimore, Maryland, for the agency.

**BEFORE**
Edward W. Hertwig
Administrative Judge

## INITIAL DECISION

The appellant, through counsel, has petitioned the Board for an award of $22,305 in attorney's fees incurred in connection with the litigation of a request for corrective action filed pursuant to USERRA.  Attorney Fee File (AFF), Tab 1. The agency opposes, arguing the appellant is not eligible for an award of attorney's fees because the Board did not issue an award of corrective action in the underlying USERRA litigation in the appellant's favor, but instead dismissed that action as moot.  AFF, Tab 2.

As set forth below, the appellant is not eligible for an award of attorney's fees under 38 U.S.C. § 4324(c)(4) absent an order granting corrective action in

her favor.  Accordingly, the appellant's petition for an award of attorney's fees is DENIED.

## ANALYSIS AND FINDINGS

<u>Brief background.</u>

The appellant is a civilian employee who serves as a Registered Nurse domiciled at the agency's medical center in Washington, D.C.  *See* MSPB Docket No. DC-4324-22-0582-I-1 (I-1), Tab 12 at 5.  The appellant also serves as a Captain in the U.S. Army Reserves.  *Id*.  The appellant filed a request for corrective action directly with the Board under USERRA's antidiscrimination provision, 38 U.S.C. § 4311(a), challenging, *inter alia*, the agency's issuance of a notice of indebtedness that was generated after the agency placed the appellant in a military furlough status.  *See* I-1, Tab 12 at 9.  The appellant also alleged the agency failed to provide her a timely seniority-based step increase in violation of USERRA.  *Id*.

After holding several status conferences with counsel for the parties, the agency rescinded the notice of indebtedness, returned the appellant to the status quo ante, and filed documentation showing the appellant had been made whole.  *See* I-1, Tab 17 at 1; Tab 18; and Tab 19 at 1.  I provided the appellant an opportunity to object and identify any outstanding issues for adjudication that had not been rescinded or corrected by the agency.  I-1, Tab 19.  The appellant identified none, and citing longstanding Board precedent, I dismissed the underlying request for corrective action as moot.  I-1, Tab 20, Initial Decision (ID).  The initial decision became the Board's final order by operation of law on February 17, 2023.  *See* 5 C.F.R. § 1201.113; ID at 3.

The appellant timely filed a motion for an award of attorney's fees under 38 U.S.C. § 4324(c)(4) and 5 C.F.R. § 1201.202(a)(8) citing the Board's discretionary authority to issue an award of attorney's fees under USERRA.  AFF, Tab 1 at 5.  Relying on both Board and U.S. Court of Appeals for the

Federal Circuit precedent, the appellant argues there is no prevailing party or interests of justice requirement under 38 U.S.C. § 4324 needed to secure an award of attorney's fees. *Id.* The agency opposes the appellant's application, arguing the text of the fee-shifting statute precludes an award in the appellant's favor because that provision presupposes an order is entered by the Board in favor of the appellant and against the agency finding it did not comply with the substantive provisions of USERRA. AFF, Tab 2 at 4-5.

As set forth below, I agree with the agency that because the underlying request for corrective action was dismissed as moot, the appellant is not eligible for an award of attorney's fees under 38 U.S.C. § 4324(c)(4). The appellant's motion for an award of attorney's fees, accordingly, is DENIED.

Applicable law.[1]

As a general matter, the "threshold question in assessing an attorney fees petition" is whether an appellant is eligible for a fee award; once the appellant establishes she is eligible for such an award, the Board must then determine to what extent, if any, she is entitled to a specific amount. *See generally Doe v. Pension Benefit Guaranty Corporation*, 123 M.S.P.R. 1, ¶ 6 (2015); *Arnold v. Department of the Air Force*, 94 M.S.P.R. 17, ¶ 19 (2003) (citing *Sterner v. Department of the Army*, 711 F.2d 1563, 1567 n.15 (Fed. Cir. 1983) ("Eligibility . . . does not mean entitlement.")).

---

[1] The parties briefed the attorney fee petition prior to my issuance of an acknowledgment order. AFF, Tabs 1-3. The Board's standard acknowledgment order issued in a request for attorney's fees explains, *inter alia*, an appellant must establish she is a prevailing party. AFF, Tab 3. Furthermore, in crafting the specific language in the acknowledgment order, I referred to the dispositive issue as whether the appellant is entitled to an award of attorney's fees under the facts presented. *Id.* at 3. As made clear in this decision, however, the prevailing party standard is not relevant to a fee petition filed pursuant to 38 U.S.C. § 4324(c)(4), and the threshold issue for consideration is whether the appellant is *eligible* for (as opposed to entitled to) an award of attorney's fees. Under the circumstances of this appeal, the contrary language in the acknowledgment order does not require supplemental briefing from the parties.

Pursuant to 38 U.S.C. § 4324(c)(4), "[i]f the Board determines as a result of a hearing or adjudication conducted pursuant to a complaint submitted by a person directly to the Board" pursuant to 38 U.S.C. § 4324(b) that "such person is entitled to an order" referred to in 38 U.S.C. § 4324(c)(2) directing an agency to comply with such provisions and to compensate such person for any loss of wages or benefits suffered by such person by reason of such lack of compliance, the Board "may, in its discretion, award such person reasonable attorney fees, expert witness fees, and other litigation expenses."

In *Jacobsen v. Department of Justice*, 500 F.3d 1376, 1379 (Fed. Cir. 2007), the Federal Circuit held "[u]nlike other attorney fees-permitting provisions administered by the Board," such as 5 U.S.C. § 7701(g), "section 4324(c)(4) [of Title 38] does not require that the [appellant] be a 'prevailing party' who may only be awarded attorney fees in the 'interest of justice.'" Thus, for purposes of an attorney's fee award under USERRA, an appellant does not need to establish she is a prevailing party to be *eligible* for such an award. "Rather, section 4324(c)(4) merely requires that the Board *have issued an 'order'* requiring the agency to correct its violation of USERRA" to be eligible for fee shifting. *Id.* (emphasis added). Adhering to this principle, the Board's case law reinforces a fee award pursuant to USERRA is "separate from relief on the merits" and that the Board "has the 'discretion' to award attorney fees to the appellant . . . *if the Board has already determined* that [s]he is entitled to an order referred to in 38 U.S.C. § 4324(c)(2)." *Murphy v. Department of Justice*, 107 M.S.P.R. 154, ¶ 8 (2007) (emphasis added).

The appellant is not eligible for an award of attorney's fees under 38 U.S.C. § 4324(c)(4) because the underlying request for corrective action was dismissed as moot.

As set forth above, the previously-issued initial decision dismissed the underlying request for corrective action as moot. ID at 2-3. Mootness arises

when, *inter alia*, "the Board cannot grant any effectual relief whatever in favor of the appellant[.]" *Currier v. U.S. Postal Service*, 72 M.S.P.R. 191, 195 (1996). Mootness most often results from the complete rescission of the challenged actions and the return of the appellant to the position she was in prior to those actions. *Id*. at 196. A finding of mootness, perforce, does not involve a finding of liability or require a party to take an action it is not otherwise legally required to take. *See Parkin v. Office of Personnel Management*, 103 M.S.P.R. 468, ¶ 7 (2006) ("A dismissal of an appeal as moot . . . is not an enforceable decision on the merits."); *Birch v. Department of Transportation*, 26 M.S.P.R. 132, 133 (1985) (a dismissal of an appeal as moot does not involve a "determination on the merits" of the proceeding).

Because the underlying request for corrective action was dismissed as moot, the Board did not issue an "order" within the meaning of 38 U.S.C. § 4324(c)(2) directing the agency either to comply with the provisions of USERRA or to compensate the appellant for loss of wages or benefits. Absent an order from the Board pursuant to section 4324(c)(2), the appellant is not eligible for an award of attorney's fees under section 4324(c)(4). *See Murphy*, 107 M.S.P.R. 154, ¶ 8; *see also Doe v. Department of State*, 2022 MSPB 38, ¶ 6 (if an appellant files "a direct USERRA appeal with the Board, the administrative judge has discretion to award 'reasonable attorney fees' if the Board *issues an order* requiring the agency to comply with USERRA.") (citations omitted) (emphasis added).

The appellant's citation to a previous, unrelated fee award adjudicated by the undersigned does not change this calculus. *See* AFF, Tab 1 at 8. In that proceeding, I found my prior grant of corrective action in the appellant's favor under USERRA carried over to a subsequent compliance action and provided the appellant with the eligibility to seek an award of attorney fees incurred during the compliance proceeding even though the compliance proceeding was eventually dismissed as moot. *See Colicelli v. Department of Veterans Affairs*, MSPB

Docket No. DC-4324-19-0769-A-2, Tab 5. Here, however, at no point did the Board issue an order finding the agency breached any of USERRA's substantive provisions or direct the agency to compensate the appellant for a loss of wages or benefits. Absent such an order, the appellant is not eligible for an award of attorney's fees pursuant to 38 U.S.C. § 4324(c)(4). *See Doe*, 2022 MSPB 38, ¶ 6; *Murphy*, 107 M.S.P.R. 154, ¶ 8.

Conclusion.

The Board issued a prior initial decision dismissing the underlying USERRA request for corrective action as moot. In doing so, the Board never reached the merits of the appellant's allegations of a violation of USERRA, and the agency's voluntary choice to rescind certain actions and restore the appellant to the status quo ante, which resulted in the dismissal of the underlying action as moot, does not constitute an "order" within the meaning of 38 U.S.C. § 4324(c)(2). Absent such an order, the appellant is not eligible to petition the Board to shift fees from her to the agency for prosecuting the underlying request for corrective action. For these reasons, the appellant's petition for an award of attorney's fees under 38 U.S.C. § 4324(c)(4) is DENIED.

## DECISION

The appellant's motion for attorney fees is DENIED.


FOR THE BOARD:    _____/S/_____
                  Edward W. Hertwig
                  Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **June 7, 2023**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of

issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision.  If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first.  You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review.  Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record.  You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing.  A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than

12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record.  A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first.  If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt.  You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim.  The date of filing by mail is determined by the postmark date.  The date of filing by fax or by electronic filing is the date of submission.  The date of filing by personal delivery is the date on which the Board receives the document.  The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service.  Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party.  *See* 5 C.F.R.

§ 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

**NOTICE TO AGENCY/INTERVENOR**

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

**NOTICE OF APPEAL RIGHTS**

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date this decision becomes final</u>.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,*

582 U.S. ____ , 137 S. Ct. 1975 (2017). If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx